# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

KEITH S. BARRON                                         CIVIL ACTION NO. 07-0885

VS.                                                              SECTION P

OUACHITA PARISH SHERIFF'S OFFICE          JUDGE JAMES

                                                                   MAGISTRATE JUDGE HAYES

<u>REPORT AND RECOMMENDATION</u>

Before the court is a civil rights complaint (42 U.S.C. §1983) filed in forma pauperis on

May 24, 2007, by pro se plaintiff Keith S. Barron. Plaintiff is an inmate in the custody of

Louisiana's Department of Public Safety and Corrections (LDOC).  He is incarcerated at the

Allen Correctional Center, Kinder, Louisiana; however he complains that he was assaulted by his

fellow inmates on April 16, 2007, while he was incarcerated at the Ouachita Correctional Center

(OCC), Monroe, Louisiana.  Plaintiff has named as defendant the Ouachita Parish Sheriff's

Office; he prays for punitive and compensatory damages totaling $90,000.

This matter has been referred to the undersigned for review, report, and recommendation

in accordance with 28 U.S.C. §636 and the standing orders of the court.  For the following

reasons it is recommended that the complaint be denied and dismissed with prejudice as

frivolous.

### *Statement of the Case*

On April 16, 2007, plaintiff, an LDOC inmate, was housed at OCC and assigned to live in

Dorm E-314.  While watching a television newscast at 5:07 p.m., plaintiff was assaulted by three

1

un-named inmates.  Plaintiff was extracted from the dorm by OCC's Emergency Response Team (ERT)and escorted to the hallway between dorms E-314 and E-315.  Plaintiff claims that because he had previously filed administrative remedies procedure grievances, he was ordered to enter dorm E-315.  Plaintiff claims that the ERT "...knew escalation of assault on my person would ensue..." Plaintiff informed the officers that he could not enter Dorm E-315 and requested that he be relocated to the front of the jail to avoid further confrontations with his assailants.  Nevertheless plaintiff was coerced to enter E-315 against his consent.  Upon entry into the dorm plaintiff claims to have "... immediately become aware of the conspiracy to inflict pain and injury upon my person." Plaintiff used the intercom system to advise the officers in the control booth of his feeling and was told to "hold on." Fifteen minutes later plaintiff again advised the control room staff about his fears and requested protective custody.  He was told "... one second..."  He received no further response and so fifteen minutes later he again used the intercom to request protective custody.  Plaintiff was advised to submit a written request and was told to stay away from the intercom.

At 6:00 p.m., following shift change, plaintiff spoke to Sgt. Harris requesting a transfer and medical attention.  Harris agreed.  However, Harris only brought plaintiff a "write-up" concerning the previous incident.

At 12:33 a.m. on April 17, plaintiff was called to the control booth and questioned about a grievance that he had previously filed.  At 12:35 a.m., he re-entered the dorm and was struck by an unknown padlock wielding assailant on the side of his head.  The attack left a 2 inch by 1 ½ inch wound approximately ½ inch deep under plaintiff's right eye and another wound above his eye.  Plaintiff was then taken to the E.A. Conway Hospital where he received treatment for the

2

wounds.  He was then transferred to the Forcht-Wade Corrections Center.

Plaintiff claims that as a result of the attack he has been disfigured.  He charges the Ouachita Parish Sheriff's Office with "deliberate negligence" for "jeopardizing [his] personal security and being ... liable for the post-traumatic effect and emotional distress I feel every time I look into the mirror at this hideous scar."  Plaintiff claims that the "names of particular individuals were unable of being properly procured [because his] incarceration was only 2 ½ weeks at OCC.  For this reason he has sued the Ouachita Parish Sheriff's Office for the "negligence and unprofessionalism" of its employees.

### Law and Analysis

### 1. Initial Review

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2).  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).  A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint.  Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits  alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).  District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous.  *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's original complaint provides a detailed description of the facts relied upon to support his specific theory of liability with respect to the defendants.  Therefore, further amendment of these pleadings would serve no useful purpose.  Accepting all of plaintiff's allegations as true, the undersigned concludes, for the reasons stated hereinafter, that the plaintiff's claims are frivolous.

## 2. Juridical Entity

Plaintiff has named the Ouachita Parish Sheriff's Office as his only defendant.  Fed. R. Civ. P. 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held."  Thus, Louisiana law governs whether OCSO has the capacity to be sued in this action.  Under Louisiana law, to possess such a capacity, an entity

must qualify as a "juridical person."  This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24.  In Louisiana the Parish Sheriff's Offices are not legal entities capable of suing or being sued.  *Ruggiero v. Litchfield*, 700 F.Supp. 863, 865 (M.D.La.1988).

In other words, the State of Louisiana has not granted juridical status to the Ouachita Parish Sheriff's Office.  Plaintiff's suit against this non-juridical entity is patently frivolous.

### 3. Negligence

Even if plaintiff were permitted to amend his complaint to name proper parties, he has maintained that those defendants would be liable on account of their "deliberate negligence," their "negligence" and their "unprofessionalism." "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).[1]

In other words, the complained of deprivation must be intentional, since  negligent conduct cannot serve as the basis for a § 1983 claim. See *Jackson v. Procunier*, 789 F.2d 307, 310 (5th Cir.1986) (citing *Davidson v. Cannon*, 474 U.S. 344 (1986); *Daniels v. Williams*, 474 U.S. 327 (1986)).

Thus, to the extent that plaintiff seeks redress on the basis of the defendants' negligence, he has failed to state a claim for which relief may be granted.

---

[1] Section 1983 provides in pertinent part, "Every person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...." 42 U.S.C. § 1983.

### 4. *Failure to Protect*

The Eighth Amendment prohibits the imposition of cruel and unusual punishment. Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter and medical care; and they must take reasonable measures to guarantee the safety of the inmates in their custody. See *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). "It is not, however, every injury suffered by a prisoner at the hands of another that translates into constitutional liability for prison officials." *Farmer*, 511 U.S. at 834.  When considering a claim regarding prison conditions, including claims that prison officials failed to protect an inmate-plaintiff, the court must consider "whether society considers the risk ... to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." *Hudson v. McMillian*, 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992).

To prevail on a failure to protect claim, the plaintiff-inmate must show that he was incarcerated "under conditions posing a substantial risk of serious harm" and that the defendant prison officials were deliberately indifferent to the his  health and safety. *Id.*  The test for deliberate indifference is a subjective one.  Thus, "a prison official cannot be found liable under the Eighth Amendment ...unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of fact from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id* . at 838-39.

In other words, it is only a prison official's <u>deliberate indifference to a substantial risk of serious harm to an inmate</u> that constitutes cruel and unusual punishment as prohibited by the Eighth Amendment. See *Helling v. McKinney*, 509 U.S. 25, 113 S.Ct. 2475, 125 L.Ed.2d 22

6

(1993); *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).  To establish a failure to protect claim, a "prisoner must prove both that he is incarcerated under conditions posing a substantial risk of serious harm and that the prison officials were deliberately indifferent to his need for protection." *Horton v. Cockrell*, 70 F.3d 397, 401 (5th Cir.1995), citing *Farmer v. Brennan*, 511 U.S. 825, 832-33, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994).  A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.

As shown above, plaintiff has pleaded all of the facts needed to make an Eighth Amendment analysis of his failure to protect claim.  Nevertheless, he has not shown that the unnamed prison officials knew that he faced a substantial risk of serious harm from attack from the three unidentified inmates during the early evening hours of April 16, 2007.  In fact, plaintiff himself apparently foresaw no danger from these inmates, nor has plaintiff demonstrated that the corrections officers were deliberately indifferent to his safety following the initial attack.  The unnamed officers moved plaintiff from the dorm where he was in jeopardy to another dorm.  Plaintiff's conclusory and unsupported feelings of dread in the new dorm were insufficient to alert the officers to any further danger.

Nevertheless, even if these prison officials should have known of the danger, plaintiff has not shown that any officers drew such an inference and actively desired the harm that ultimately befell plaintiff.  To the contrary, plaintiff has shown that prison officials responded quickly once they were made aware of plaintiff's plight.  In short, even if plaintiff were permitted to amend his complaint to provide the identities of proper defendants, his factual allegations have  failed to

7

show that the defendants were deliberately indifferent; therefore plaintiff's failure to protect claim must be denied as frivolous.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 2nd day of August, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

8